In the Matter of John J. McGRATH, Bankrupt.

In the Matter of Julia McGRATH, Bankrupt.

John J. McGrath and Julia McGrath, Appellants.

Nos. 11599, 11677, 11678.

United States Court of Appeals
Third Circuit.

Argued Oct. 4, 1955.

Decided Nov. 3, 1955.

Rehearing Denied Nov. 28, 1955.

Charles Green, Philadelphia, Pa., for appellants.

A. Robert Rothbard, Newark, N. J., for appellee.

Before BIGGS, Chief Judge, and MARIS and GOODRICH, Circuit Judges.

PER CURIAM.

The appellants contend that an order of the referee in bankruptcy confirming the sale of a property owned by them and approved by the court below should be reversed. We cannot agree. The bankrupts have been granted every proper opportunity to recover their property. The order appealed from represented the exercise of sound legal discretion by the court below.

We have examined also the objections taken by the bankrupts to the allowance of certain claims. These objections are without merit.

The judgments appealed from will be affirmed.

Walter TOZAR
v.

PHILCO CORPORATION, Appellant (OLIVER B. CANNON & SON, Inc., Third-Party Defendant).

No. 11633.

United States Court of Appeals
Third Circuit.

Argued Nov. 4, 1955.

Decided Nov. 16, 1955.

Michael A. Foley, Philadelphia, Pa., for appellant.

Lynn L. Detweiler, Philadelphia, Pa. (Swartz, Campbell & Henry, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

Walter Tozar brought an action against the Philco Corporation for personal injuries suffered through the alleged negligence of an employee of Philco. Philco joined as third party defendant Oliver B. Cannon & Son, Inc. who were painting contractors doing work on Philco's premises. Philco settled with Tozar. At this stage of the litigation Philco seeks indemnity against Cannon by virtue of a contract and a release executed by Cannon which, Philco says, constitutes a promise to indemnify. The district court gave judgment against Philco and it appeals.

We think that Judge Lord's opinion in the district court is an accurate statement of the problem and a satisfactory answer to it. We have nothing more to add and therefore, affirm the judgment on the opinion of the district judge reported in 130 F.Supp. 554.